IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ROTHSCHILD BROADCAST DISTRIBUTION SYSTEMS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> AMCREST INDUSTRIES, LLC <br><br> Defendant. | Case No: 4:19-cv-1211 |

## COMPLAINT

Plaintiff Rothschild Broadcast Distribution Systems, LLC ("Plaintiff" or "Rothschild Broadcast Distribution Systems") files this complaint against Defendant Amcrest Industries, LLC ("Defendant" or "Amcrest") for infringement of U.S. Patent No. 8,856,221 (hereinafter the "'221 Patent") and alleges as follows:

## PARTIES

1. Plaintiff is a Texas limited liability company with an office at 1400 Preston Road, Suite 400, Plano, Texas 75093.

2. On information and belief, Defendant is a Texas limited liability company with its principal office in the United States located at 16727 Park Row, Houston, Texas, 77084. Upon information and belief, Defendant may be served with process at the same address.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. § 271 et seq. Plaintiff is seeking damages, as well as attorney fees and costs.

4.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331 (Federal Question) and 1338(a) (Patents).

5.      On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

6.      Upon information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

7.      Venue is proper in this District under 28 U.S.C. §1400(b) because Defendant is deemed to be a resident of this District. Alternatively, acts of infringement are occurring in this District and Defendant has a regular and established place of business in this District.

## BACKGROUND

8.      On October 7, 2014, the United States Patent and Trademark Office ("USPTO") duly and legally issued the `221 Patent, entitled "System and Method for Storing Broadcast Content in an Cloud-Based Computing Environment" after the USPTO completed a full and fair examination. The '221 Patent is attached as Exhibit A.

9.      Rothschild Broadcast Distribution Systems is currently the owner of the `221 Patent.

10.     Rothschild Broadcast Distribution Systems possesses all rights of recovery under the `221 Patent, including the exclusive right to recover for past, present and future infringement.

11.     The `221 Patent contains thirteen claims including two independent claims (claims 1 and 7) and eleven dependent claims.

**COUNT ONE**
**(Infringement of United States Patent No. 8,856,221)**

12.     Plaintiff refers to and incorporates the allegations in Paragraphs 1 - 11, the same as if set forth herein.

13.     This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

14.     Defendant has knowledge of its infringement of the `221 Patent, at least as of the service of the present complaint.

15.     Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claim 1, of the '221 Patent by making, using, importing, selling, and/or offering for media content storage and delivery systems and services covered by one or more claims of the '221 Patent.

16.     Accordingly, Defendant has infringed, and continues to infringe, the `221 Patent in violation of 35 U.S.C. § 271.

17.     Defendant sells, offers to sell, and/or uses media content storage and delivery systems and services, including, without limitation, Amcrest IP cameras, Amcrest security cameras such as the Amcrest Pro HD 1080P Wi-Fi camera, together with the Amcrest system and Amcrest View Pro app, and any similar products ("Product"), which infringes at least Claim 1 of the '221 Patent.

18.     The Product practices a method of storing (e.g. cloud storage) media content (e.g. live and recorded video) and delivering requested media content (e.g. view live footage and recorded clips) to a consumer device. Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.

The Amcrest ProHD 1080p pan tilt wireless camera helps you stay in touch with what you love anytime, anywhere. With its quick mobile setup process, you will have secure access to your camera's video stream in no time. The ProHD wifi camera allows you to stream live and playback recorded video of your home, your kids, your pets, or your business on the go with the Amcrest View app. Amcrest Cloud offers optional cloud recording with free live viewing and 4 hours of free video storage accessible from any device including Apple Mac, Windows PC, iPhone, iPad or Android devices. Amcrest IP cameras can record to an internal MicroSD card

Source: https://amcrest.com/amcrest-1080p-wifi-video-security-ip-camera-pt.html

## Cloud Video Storage

High definition recordings and snapshots are only as good as how quickly and easily they can be accessed. Amcrest Cloud was created to ensure that you don't miss anything, no matter where you are. Regardless of how far you are from home, you can login from a computer (PC or Mac) or through the Amcrest Cloud smartphone app to instantly pinpoint your footage through an intelligent timeline on an intuitive interface and play it back in seamless and brilliant 1080p quality. The Amcrest Cloud app also can be configured to send you on-the-go alerts. Live viewing, along with 4 hours of recorded storage is included free. Additional 7-day, 15-day, and 30-day storage plans are available starting at $6 per month.

Source: https://amcrest.com/amcrest-1080p-wifi-video-security-ip-camera-pt.html



Tap "Cloud Storage."

Source: https://s3.amazonaws.com/amcrest-files/Documentation/IP2M-841+User+Manual.pdf

19.     The Product necessarily includes at least one server for hosting and storing media content for customers. For example, the Product necessarily includes at least one server (e.g. cloud server) to store recorded security videos.

20.     The at least one server necessarily includes a first receiver configured to receive a request message including data indicating requested media content (e.g., the server must have infrastructure to receive a request to store recorded security videos or to stream recorded video on a smartphone; additionally, the request message must contain data that identifies the video to be stored or streamed) and a consumer device identifier corresponding to a consumer device (e.g., the user credentials are used to tie a smartphone and user account to particular cameras and the videos they produce). The cloud services (including camera view from cloud) can be accessed from web/mobile application (e.g. Amcrest View app) by just signing in with correct credentials. Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.

> To login to the system for the first time, use one of the following default username/password combinations. Once you've successfully logged in, it is highly recommended to change the password for security reasons.
>
> **Username**: admin
> **Password**: admin
>
> Amcrest Cloud allows you to access your device from anywhere in the world. Please note, you will need an Amcrest Cloud account to proceed with Amcrest Cloud app setup. You can register for a cloud account in the Amcrest Cloud app or from the Amcrest Cloud website at amcrestcloud.com

Source: https://s3.amazonaws.com/amcrest-files/Documentation/IP2M-841+User+Manual.pdf



Source: https://s3.amazonaws.com/amcrest-files/Documentation/IP2M-841+User+Manual.pdf

 

Source: https://s3.amazonaws.com/amcrest-files/Documentation/IP2M-841+User+Manual.pdf
Source: https://s3.amazonaws.com/amcrest-files/Amcrest+View+Pro+Walkthrough+PDF+V+2.0.0.pdf

21.     The Product necessarily includes a processor to determine whether the consumer device identifier corresponds to the registered consumer device (e.g., the server must authenticate a user's credentials to ensure that the credentials match those registered with a security camera which the user would like to access). The user must be a registered user to access Amcrest cloud services. Certain aspects of these elements are illustrated in the screen shot below and/or in screen shots provided in connection with other allegations herein.



Source: https://s3.amazonaws.com/amcrest-files/Documentation/IP2M-841+User+Manual.pdf

22. The Product provides for both media downloads and/or storage, and media streaming. As per the information available, after successful login, a processor within the Product necessarily determines whether the request received from a customer is a request for storage (e.g., recording or storing content) or content (e.g. streaming of media content, live view). Certain aspects of these elements are illustrated in the screen shot below and/or in screen shots provided in connection with other allegations herein.

 

Source: https://s3.amazonaws.com/amcrest-files/Documentation/IP2M-841+User+Manual.pdf
Source: https://s3.amazonaws.com/amcrest-files/Amcrest+View+Pro+Walkthrough+PDF+V+2.0.0.pdf

23.  The server verifies that media content (e.g., specific recording from specific camera) identified in the media data of the storage request message (e.g., request to record content) is available for storage in order to prevent data errors that would result from attempting to store content that is not available for storage. (e.g., the server must verify that a particular security camera is adequately connected to the internet as to allow for video recording and storage on the cloud; additionally, a user's ability to store video is limited to a certain amount of memory usage based upon their subscription, thus media content may not be available for storage if a user is already above their memory limit or if he or she hasn't subscribed to any service). The user can also schedule the recording as per his or her requirement. Only the events happening during the scheduled time will be eligible to be recorded on the clouds storage. Certain aspects of these elements are illustrated in the screen shot below and/or in screen shots provided in connection with other allegations herein.



Source: https://amcrest.com/cloud#section8

 

Source: https://s3.amazonaws.com/amcrest-files/Amcrest+View+Pro+Walkthrough+PDF+V+2.0.0.pdf



Source: https://s3.amazonaws.com/amcrest-files/Amcrest+View+Pro+Walkthrough+PDF+V+2.0.0.pdf

24.     If a customer requests content (e.g., live streaming of media content), then a processor within the Product necessarily initiates delivery of the content to the customer's device. The server will initiate delivery of the requested media content to the consumer device (e.g. stream live camera feed to a smartphone or tablet or desktop computer) if the request message is a content request message (e.g. request for live streaming). Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.

 

Source: https://s3.amazonaws.com/amcrest-files/Amcrest+View+Pro+Walkthrough+PDF+V+2.0.0.pdf

25. The media data includes time data that indicates a length of time to store the requested media content (e.g. a user is allowed to store videos for maximum of 30 days as based upon their subscription level). Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.



Source: https://amcrest.com/cloud#section8

26. The server must first determine whether the requested media content exists prior to initiating delivery in order to prevent data errors that would result from attempting to transmit media content that does not exist (e.g., the server must verify that a particular security camera is adequately connected to the internet as to allow for video recording and streaming). Certain aspects of these elements are illustrated in the screen shots below and/or in screen shots provided in connection with other allegations herein.

 

Source: https://s3.amazonaws.com/amcrest-files/Documentation/IP2M-841+User+Manual.pdf

27. After the processor determines whether the requested media content is available, it determines whether there are restrictions associated with the requested media content (e.g., subscription level etc.).

28. Defendant's actions complained of herein will continue unless Defendant is enjoined by this Court.

29. Defendant's actions complained of herein is causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

30. Upon information and belief, Defendant has induced, and continues to induce infringement of the `221 Patent through its customers' actions, at least as of the service of the present complaint.

31. The `221 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

32. A copy of the '221 Patent, titled "System and Method for Storing Broadcast Content in a Cloud-based Computing Environment," is attached hereto as Exhibit A.

33. By engaging in the conduct described herein, Defendant has injured Rothschild Broadcast Distribution Systems and is thus liable for infringement of the `221 Patent, pursuant to 35 U.S.C. § 271.

34. Defendant has committed these acts of literal infringement, or infringement under the doctrine of equivalents of the `221 Patent, without license or authorization.

35. As a result of Defendant's infringement of the `221 Patent, injured Rothschild Broadcast Distribution Systems has suffered monetary damages and is entitled to a monetary judgment in an amount adequate to compensate for Defendant's past infringement, together with interests and costs.

36. Plaintiff is in compliance with 35 U.S.C. § 287.

37. As such, injured Rothschild Broadcast Distribution Systems is entitled to compensation for any continuing and/or future infringement of the `221 Patent up until the date that Defendant ceases its infringing activities.

**DEMAND FOR JURY TRIAL**

38. Rothschild Broadcast Distribution Systems, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff asks the Court to:

(a) Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

(b) Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No. 8,856,221 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

(c) Award Plaintiff damages resulting from Defendants infringement in accordance with 35 U.S.C. § 284;

(d) Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

DATED April 4, 2019                                 Respectfully submitted,

/s/ Jay Johnson
**JAY JOHNSON**
State Bar No. 24067322
**D. BRADLEY KIZZIA**
State Bar No. 11547550
**KIZZIA JOHNSON, PLLC**
1910 Pacific Avenue, Suite 13000
Dallas, Texas 75201
(214) 451-0164
Fax: (214) 451-0165
jay@kpllc.com
bkizzia@kpllc.com

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A